UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JONATHAN BUXTON,                                      Case No.:

               Plaintiff,

v.                                                   COMPLAINT
                                                     (Jury Trial Demanded)

THE CITY OF NEW YORK,
POLICE OFFICERS JOHN DOE #1-4,
individually and in their official capacities,

                          Defendants.

-------------------------------------------------------------------x

Plaintiff JONATHAN BUXTON, by and through his attorneys, Novo Law Firm, P.C., and the Law Office of Courtney K. Davy, LLP, hereby complains of the Defendants and respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental state law claims arising from the same nucleus of operative facts, including a state law claim for conversion of personal property.

2. Plaintiff seeks declaratory, compensatory, and punitive relief, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988, arising from his false arrest, false imprisonment, unlawful entry into his home, malicious prosecution, conversion of personal property, and the defendants' failure to intercede to prevent these constitutional violations.

### JURISDICTION AND VENUE

3. This action arises under the Constitution of the United States and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same transaction and occurrence as the federal claims.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in New York County, which lies within the Southern District of New York. Specifically, the criminal proceeding against Plaintiff was prosecuted in New York State Supreme Court, New York County.

## PARTIES

6. Plaintiff JONATHAN BUXTON is a resident of Bronx County, New York, residing at 281 East 143rd Street, Apartment 10A, Bronx, New York 10451. He is a father of four who has been employed at Brooklyn Dialysis Center for thirteen years and at Madison Square Garden for sixteen years. He has no prior criminal convictions.

7. Defendant CITY OF NEW YORK is a municipal entity organized under the laws of the State of New York. At all relevant times, the City was responsible for the policies, customs, practices, and training of the New York City Police Department (hereinafter "NYPD").

8. Defendants POLICE OFFICERS JOHN DOE #1-4 are individuals who, at all relevant times, were employed as police officers or detectives by the NYPD, assigned to or acting in conjunction with the 5th or 7th Precinct. Their true names are presently unknown to Plaintiff and will be identified through discovery. They are sued individually and in their official capacities. At all relevant times, each defendant was acting under color of state law.

## CONDITIONS PRECEDENT

9. On August 15, 2023, Plaintiff timely served a Notice of Claim upon the Comptroller of the City of New York pursuant to New York General Municipal Law § 50-e, within ninety (90) days of the

accrual of Plaintiff's state law claims. The Notice of Claim set forth the nature of the claims, the time when and place where the injuries were sustained, and the damages sought.

10. On December 19, 2023, Plaintiff appeared for a 50-H examination before the Office of the Comptroller of the City of New York, at which time Plaintiff was examined under oath regarding the claims set forth herein.

11. More than thirty (30) days have elapsed since the presentation of the Notice of Claim, and the City of New York has neglected and refused to make any adjustment or payment thereof. All conditions precedent to the commencement of this action under New York law have been satisfied.

## TOLLING OF THE STATUTE OF LIMITATIONS

12. Plaintiff's claims under 42 U.S.C. § 1983 are subject to New York's three-year statute of limitations. See *Owens v. Okure*, 488 U.S. 235 (1989). Plaintiff's § 1983 claims accrued no earlier than May 18, 2023—the date on which all criminal charges against Plaintiff were dismissed and the prosecution terminated in his favor. A § 1983 malicious prosecution claim does not accrue until the criminal proceeding has terminated in the plaintiff's favor. See *McDonough v. Smith*, 588 U.S. 109 (2019). This action is therefore timely.

13. To the extent that any claim is deemed to have accrued on the date of arrest (June 7, 2022), the statute of limitations was tolled during the pendency of the criminal proceeding pursuant to New York CPLR § 204(a), as Plaintiff was under a legal disability to assert his claims while subject to an active criminal prosecution arising from the same underlying events.

14. Plaintiff's state law claims are timely, as this action is commenced within one year and ninety days of the termination of the criminal proceeding on May 18, 2023, as required by New York General Municipal Law § 50-i.

## STATEMENT OF FACTS

15. On June 7, 2022, at approximately 6:30 a.m., Plaintiff was asleep in his bed at his residence located at 281 East 143rd Street, Apartment 10A, Bronx, New York 10451.

16. Plaintiff was awakened by his partner, Erica Fitts, who informed him that police officers were already inside the apartment.

17. Upon waking, Plaintiff observed four (4) police officers or detectives wearing tactical gear standing inside his home. (50-H Tr. 16:22–17:1.)

18. Upon information and belief, the officers did not possess a search warrant authorizing entry into Plaintiff's home. The officers possessed, at most, an arrest warrant. Upon information and belief, the officers did not knock and announce their presence or authority prior to entering the apartment. (50-H Tr. 17:17–19.)

19. The officers informed Plaintiff that he was under arrest and would be taken to a precinct. When Plaintiff asked, "For what?", the officers refused to answer, stating they would explain at the precinct. (50-H Tr. 17:6–10.)

20. Plaintiff did not engage in any illegal activity, resist arrest, or disobey any commands.

21. The officers handcuffed Plaintiff behind his back while he was standing upright. (50-H Tr. 18:7–20.)

22. Plaintiff was transported in a police vehicle to either the 5th or 7th Precinct—a ride of approximately forty-five (45) minutes. (50-H Tr. 19:9–14.)

23. Upon arrival at the precinct, Plaintiff was placed alone in a holding cell where he remained for approximately ten (10) hours. (50-H Tr. 20:5–7.)

24. Plaintiff was then moved to an interrogation room where he was questioned by two male detectives for approximately twenty (20) minutes. (50-H Tr. 20:11–12; 21:15–16.)

25. The detectives informed Plaintiff that he was being charged with Robbery in the First Degree (P.L. § 160.10(2)(b) – robbery with firearm display) and Grand Larceny (P.L. § 155.30(5)). (50-H Tr. 22:23–24.)

26. Plaintiff immediately and unequivocally denied committing the charged crimes, telling the detectives: "I didn't do it, it wasn't me." (50-H Tr. 23:11–12.)

27. The detectives did not conduct any identification procedure—no lineup, no photo array, no show-up—at any point before or after charging Plaintiff. At no time was Plaintiff brought before any witness for identification purposes. (50-H Tr. 23:14–21.)

28. In response to Plaintiff's denial of involvement, the detectives said only "okay," left the room, returned, and confirmed that Plaintiff was being charged. No further investigation was conducted. (50-H Tr. 23:25–24:4.)

29. Plaintiff was returned to the holding cell for approximately three (3) additional hours before being transferred to Central Booking. (50-H Tr. 24:8–11.)

30. Plaintiff was held at Central Booking for approximately two (2) days before being brought before a judge. (50-H Tr. 24:15–17.)

31. On or about June 9, 2022, a judge set bail in the amount of $20,000.00. (50-H Tr. 25:12–13.)

32. Plaintiff's family promptly posted bail using Plaintiff's own funds. (50-H Tr. 25:17–26:6.)

33. Despite bail having been duly posted, Plaintiff was not released. Instead, he was transported to Rikers Island, where he was held for additional hours before finally being released at approximately 1:00 a.m. on Friday, June 10, 2022. (50-H Tr. 26:19–27:3.) The continued detention of Plaintiff after bail was posted constituted unlawful imprisonment for which there was no legal justification.

34. In total, Plaintiff was incarcerated for approximately four (4) days as a result of the false arrest and its aftermath.

35. The criminal proceeding against Plaintiff was docketed in New York State Supreme Court, New York County, under docket number IND-72499-22/001. The charges were Robbery in the First Degree (P.L. § 160.10(2)(b)) and Grand Larceny (P.L. § 155.30(5)).

36. Plaintiff appeared in court approximately six (6) times before the charges were finally resolved. (50-H Tr. 8:15.)

37. On May 18, 2023, all charges against Plaintiff were dismissed in their entirety. A Certificate of Disposition was issued on June 20, 2023. The prosecution terminated entirely in Plaintiff's favor.

38. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages: (a) Lost wages: Plaintiff missed a total of ten (10) days of work—four days due to his incarceration and six additional days for mandatory court appearances. At the time of the arrest, Plaintiff earned $21.50 per hour at Brooklyn Dialysis Center (working twelve-hour shifts on Mondays, Tuesdays, and Wednesdays and eight-hour shifts on Thursdays and Fridays) and $21.00 per hour at Madison Square Garden (working events Thursday through Sunday). No wages were covered by his employers or any other source. (50-H Tr. 13:3–15:3.) (b) Confiscated property: Plaintiff's Samsung S21 Plus cell phone was taken by police and never returned, requiring replacement at a cost of $2,000.00. (50-H Tr. 33:6–15.) (c) Emotional distress: Plaintiff suffered and continues to suffer severe emotional distress, depression, humiliation, fear, and reputational harm, having been placed in a situation "where I could have lost everything that I worked so hard for." (50-H Tr. 31:6–14.) (d) Other consequential damages: Plaintiff suffered

damage to his reputation, court costs, and related expenses totaling approximately $3,000.00, as set forth in the Notice of Claim.

39. Plaintiff has not yet sought professional treatment for his emotional distress, but his symptoms are ongoing and continue to affect his daily life and quality of life.

CAUSES OF ACTION

AS FOR THE FIRST CAUSE OF ACTION

False Arrest and False Imprisonment – Federal Law
(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Against All Individual Defendants)

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

41. Defendants arrested and detained Plaintiff without probable cause.

42. No reasonable officer could have believed that Plaintiff committed the charged crimes. No identification procedure of any kind was conducted at any point. There was no physical evidence linking Plaintiff to any crime. Plaintiff unequivocally denied involvement. The detectives' only response was to confirm the charges without conducting any further investigation.

43. The right to be free from arrest without probable cause was clearly established at the time of the June 2022 arrest. A defendant sued under § 1983 is not entitled to qualified immunity where the constitutional violation is clear from well-settled precedent.

44. The subsequent dismissal of all charges further confirms the absence of probable cause at the time of the arrest.

45. Defendants' conduct violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizure.

46. As a direct and proximate result, Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, and economic damages.

AS FOR THE SECOND CAUSE OF ACTION

Malicious Prosecution – Federal Law
(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Against All Individual Defendants)

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

48. Defendants initiated and continued a criminal proceeding against Plaintiff without probable cause.

49. The criminal proceeding terminated entirely in Plaintiff's favor when all charges were dismissed on May 18, 2023.

50. Defendants acted with malice or with reckless disregard for Plaintiff's rights, as demonstrated by their failure to conduct any identification procedure before charging Plaintiff, their refusal to investigate Plaintiff's exculpatory denial, and their initiation of felony charges without adequate factual basis.

51. The right to be free from malicious prosecution was clearly established at the time of the events alleged herein.

52. As a direct and proximate result, Plaintiff suffered loss of liberty, severe emotional distress, damage to his reputation, attorneys' fees, and court costs.

AS FOR THE THIRD CAUSE OF ACTION

Unlawful Entry into Home – Federal Law
(42 U.S.C. § 1983 – Fourth Amendment – Against All Individual Defendants)

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

54. Defendants entered Plaintiff's home without a search warrant, without valid consent, and in the absence of any exigent circumstances. The officers were already inside the apartment when Plaintiff was awakened. (50-H Tr. 17:17–19.)

55. Upon information and belief, the officers did not knock and announce their presence and authority before entering. The arrest warrant in their possession did not, standing alone, authorize warrantless entry into Plaintiff's home. See Payton v. New York, 445 U.S. 573 (1980) (an arrest warrant does not authorize entry into a third party's home; a search warrant is required to enter a suspect's home unless exigent circumstances exist).

56. The Fourth Amendment protects the sanctity of the home above all other places. Warrantless entry into a home is presumptively unreasonable. This right was clearly established no later than 1980. See Payton v. New York, 445 U.S. 573 (1980).

57. Defendants' conduct violated Plaintiff's clearly established Fourth Amendment rights, and qualified immunity does not apply.

58. As a direct and proximate result, Plaintiff suffered emotional distress, humiliation, and invasion of his privacy and home.

AS FOR THE FOURTH CASE OF ACTION

Failure to Intercede – Federal Law
(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Against All Individual Defendants)

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

60. Each of the four defendant officers was present during the unlawful entry into Plaintiff's home, the false arrest, and the unlawful detention of Plaintiff.

61. Each defendant had a realistic opportunity to intercede and prevent the constitutional violations being committed by the other officers but failed to do so.

62. No defendant officer took any action to prevent the unlawful entry, the false arrest, or the unlawful detention.

63. The failure to intercede is itself a distinct and actionable violation of Plaintiff's constitutional rights under clearly established law.

64. As a direct and proximate result, Plaintiff suffered the full extent of the violations and injuries described herein.

AS FOR THE FIFTH CAUSE OF ACTION

Municipal Liability (Monell) – Federal Law
(42 U.S.C. § 1983 – Against Defendant City of New York)

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

66. The violations of Plaintiff's rights were caused by the unconstitutional policies, customs, and practices of the City of New York and the NYPD, including but not limited to: (a) a policy or practice of arresting individuals based on insufficient probable cause and conducting identification or investigative steps only after charges have been filed; (b) a policy or practice of entering private residences pursuant to arrest warrants without first obtaining a search warrant, without knocking and announcing, and without verifying that the subject is present; (c) a failure to train officers on the constitutional requirements of probable cause for arrest and the Fourth Amendment prohibition against warrantless home entry; (d) a failure to require or ensure that identification procedures (lineups, photo arrays, or show-ups) are conducted before felony charges are lodged; (e) a policy or practice of disregarding exculpatory statements made by arrestees at the time of charging; and (f) a failure to properly supervise, discipline, or retrain officers with a history of false arrests or civil rights violations.

67. Upon information and belief, based on publicly available records, prior civil rights litigation, and data published by the New York City Civilian Complaint Review Board (CCRB), the City of New York has been on notice of a persistent pattern of false arrests and malicious prosecutions arising from NYPD warrant enforcement operations and has failed to implement adequate remedial policies, training, or supervision.

68. The City's deliberate indifference to the constitutional rights of its citizens is the moving force behind the violations alleged herein.

69. As a direct and proximate result of the City's unconstitutional policies, customs, and practices, Plaintiff suffered the injuries described herein.

## AS AND FOR THE SIXTH CAUSE OF ACTION

False Imprisonment – New York State Law
(Against All Individual Defendants)

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

71. Defendants intentionally confined Plaintiff without his consent and without legal privilege or probable cause.

72. Plaintiff's continued detention after bail was posted—and his transport to Rikers Island notwithstanding the posting of bail—constituted an independent act of false imprisonment for which there was no legal justification.

73. Plaintiff was aware of the confinement at all times.

74. The confinement was not otherwise privileged.

75. As a direct and proximate result, Plaintiff suffered loss of liberty, emotional distress, humiliation, and economic damages.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

Malicious Prosecution – New York State Law
(Against All Individual Defendants)

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

77. Defendants initiated and continued a criminal proceeding against Plaintiff.

78. The proceeding terminated entirely in Plaintiff's favor on May 18, 2023.

79. There was no probable cause for the proceeding.

80. Defendants acted with malice, as evidenced by their refusal to conduct any identification procedure, their disregard of Plaintiff's exculpatory statement, and their initiation of felony charges without adequate factual support.

81. As a direct and proximate result, Plaintiff suffered loss of liberty, severe emotional distress, damage to his reputation, attorneys' fees, and court costs.

## AS AND FOR THE EIGHT CAUSE OF ACTION

Conversion of Personal Property – New York State Law
(Against All Individual Defendants)

82. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

83. At the time of his arrest, Plaintiff's personal property—including his Samsung S21 Plus cellular telephone—was taken by the defendant officers.

84. Defendants failed and refused to return Plaintiff's cellular telephone, and it has not been returned to Plaintiff as of the date of this Complaint. (50-H Tr. 33:6–15.)

85. Defendants' intentional and unauthorized exercise of dominion and control over Plaintiff's personal property, to the exclusion of Plaintiff's rights, constitutes conversion under New York law.

86. As a direct and proximate result, Plaintiff was required to purchase a replacement cellular telephone at a cost of $2,000.00, and has suffered additional damages.

AS AND FOR THE NINETH CAUSE OF ACTION

Negligent Hiring, Training, and Retention – New York State Law
(Against Defendant City of New York)

87. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

88. The City of New York employed the individual defendant officers.

89. The City knew, or in the exercise of reasonable care should have known, that these officers lacked the proper temperament, judgment, or training to perform their duties without violating the constitutional rights of the citizens they encounter.

90. The City failed to exercise reasonable care in the hiring, screening, training, supervision, and retention of the individual defendant officers.

91. The City's negligence was a direct and proximate cause of Plaintiff's injuries.

92. This claim is distinct from Plaintiff's Monell claim and is actionable directly under New York State law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATHAN BUXTON respectfully requests that this Court enter judgment in his favor and against Defendants, providing the following relief:

A.      Compensatory damages in an amount to be determined at trial, but no less than $1,000,000.00 (One Million Dollars);

B.      Punitive damages against the individual defendants in an amount to be determined at trial;

C.      Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.      Pre-judgment and post-judgment interest as provided by law;

E.      Return of Plaintiff's confiscated personal property, or the value thereof; and

F.      Such other and further relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the

Federal Rules of Civil Procedure.

Dated: New York, New York
May 18, 2026

                                        Respectfully submitted,
                                        /s/ Courtney K. Davy_____
                                        Courtney K. Davy, Esq.
                                        Law Office of Courtney K. Davy, LLP
                                        299 Broadway, 8th Floor
                                        New York, New York 10007
                                        Tel: (212) 786-2331
                                        Cell: (516) 850-1800
                                        Email: courtneydavy.esq@gmail.com

                                        NOVO LAW FIRM, P.C.
                                        By: /s/ Ilya Novofastovsky_____
                                        Ilya Novofastovsky, Esq.
                                        299 Broadway, 17th Floor
                                        New York, New York 10007
                                        Tel: (212) 233-6686
                                        Cell: (917) 226-6405
                                        Email: ilyan@novolawfirm.com